IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

WILLIAM BRUMFIELD,

    Plaintiff,

v.

                                                          Case No. 2:14-cv-11847

CAROLYN W. COLVIN,
Commissioner of Social Security,
ERIC HOLDER, Attorney General,
BOB LASKI, Goodyear Payroll Department,
GEORGIA CORRECTIONAL,
WEST VIRGINIA DEPARTMENT OF HEALTH
AND HUMAN RESOURCES,
SUPERIOR COURT OF BARTOW COUNTY, GA,
INTERNAL REVENUE SERVICE,
JANE S. MCELREATH,
BILL FULCHER, OSHA, and
PAUL HOWARD, DEA,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On March 7, 2014, the plaintiff, William Brumfield, filed a document that was construed as a Letter-Form Complaint (hereinafter "Complaint") (ECF No. 1). The above-referenced civil action number was opened to address the plaintiff's Complaint.

On March 17, 2014 (ECF No. 2), April 7, 2014 (ECF No. 3), April 16, 2014 (ECF No. 4), May 22, 2014 (ECF No. 6), June 2, 2014 (ECF No. 9), July 3, 2014 (ECF No. 12)

and July 7, 2014 (ECF No. 13), the plaintiff filed additional documentation in support of his Complaint. On May 22, 2014, the plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 5), which has been granted by separate Order, pursuant to 28 U.S.C. § 1915.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff is proceeding *in forma pauperis* (without prepayment of fees and costs). On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Because the plaintiff is proceeding *pro se*, the court is obliged to construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). However, a district court must also dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

## ANALYSIS

On June 19, 2014, a status conference was held in this matter. (ECF No. 11). The plaintiff appeared in person. The plaintiff was placed under oath and the undersigned inquired about his claims.[1] During the course of both of the plaintiff's

---

1  This is the second civil action filed by the plaintiff in this court. The claims alleged in the current Complaint are related to the claims made in the prior Complaint, which was filed on October 6, 2010. (*Brumfield v. Astrue*, Case No. 2:10-cv-01190). The prior case was dismissed by the Honorable Thomas

cases, the court has determined the following facts:

The plaintiff was involved in several work-related accidents while employed at Goodyear Tire and Rubber Company in the State of Georgia between January of 1992 and January of 1994. The plaintiff sought Workers' Compensation benefits in Georgia, and although his employer apparently initially contested the award of such benefits, a settlement was ultimately reached, in which the plaintiff was to receive an award of $50,000, minus his attorney's fees, and some money which his attorney had previously advanced to him.

The plaintiff contested the handling of his Workers' Compensation case, and apparently filed a lawsuit in a Georgia state court. The following is taken from a "Final Order on Employee's Appeal of Workers' Compensation Award," filed in the Superior Court of Bartow County, Georgia, on May 1, 1997, which is one of the documents filed by the plaintiff in support of his Complaint:

> William Brumfield (hereinafter "Claimant") sustained a compensable injury on March 17, 1992. He aggravated the injury on July 13, 1993, but returned to work and continued working until he further aggravated the injury on December 17, 1993. Claimant's employer, Goodyear Tire and Rubber Company and the employer's workers' compensation carrier, the Travelers Insurance Company (hereinafter, "employer/insurer") paid him weekly indemnity benefits and medical benefits until his claim was settled by a Stipulation and Agreement dated November 17, 1995. The State Board of Workers' Compensation approved the agreement on November 29, 1995.
>
> Paragraph 8 of the Stipulation and Agreement provided for the total amount to be paid as well as how said amount was to be divided. It stated:
>
>> The settlement agreed to is the payment by the employer and insurer to the employee/claimant the sum of FIFTY

---

E. Johnston, the presiding United States District Judge, on January 21, 2011, and was unsuccessfully appealed. (*Id.*, ECF Nos. 13, 14, 22 and 24). The plaintiff has filed two motions to re-open the prior case, which will be separately addressed by Judge Johnston.

> THOUSAND AND NO/100THS ($50,000) DOLLARS payable in the following manner: FORTY-TWO THOUSAND FIVE HUNDRED AND NO/100THS ($42,500) DOLLARS payable to the employee/claimant and TWELVE THOUSAND FIVE HUNDRED AND NO/100THS ($12,500) DOLLARS payable to the claimant's attorney. (Attorney fees in the amount of $12,500 shall be held by Savell & Williams in escrow pursuant to the Order of the Administrative Law Judge dated October 26, 1995, a copy of which is attached hereto.) The employer and insurer further stipulate and agree to reimburse the employee/claimant for out-of-pocket expenses and medical bills in the amount of FIVE THOUSAND AND NO/100THS ($5,000) DOLLARS.
>
> The employee received $42,500.00 pursuant to the stipulation and $12,500.00 was divided among Claimant's attorneys pursuant to an order of an administrative law judge. These combined payments totaled $55,000.00.
>
> A dispute concerning the proper interpretation of paragraph 8 arose between Claimant and employer/insurer. Claimant contended he was due $5,000 under the last sentence of the paragraph. The employer/insurer countered that the $5,000 described in paragraph 8 was included within the $42,500 actually paid to Claimant under the prior sentence of the paragraph.

(ECF No. 4 at 40-41). The plaintiff was ultimately awarded an additional $5,000, but, over the plaintiff's objection, the employer/insurer was not assessed any additional penalties. (*Id.* at 41-44).

In 1995, the plaintiff was determined to be disabled by the Social Security Administration and began receiving Social Security benefits. However, there was a set-off of his Workers' Compensation benefits from his Social Security benefits.

The plaintiff was incarcerated on several criminal charges in the State of Georgia from March 28, 2002 until April 3, 2008, during which time he did not receive any Social Security benefits, pursuant to federal law. Upon his release from prison, the plaintiff spent one year in a halfway house, and then began a term of probation.

4

The plaintiff has serious health problems. As a result of his health, the Superior Court of Bartow County, Georgia terminated the plaintiff's sentence of probation.[2] At some point, the plaintiff moved to Harts in Lincoln County, West Virginia, where he presently resides.

Upon his release from incarceration, the plaintiff again began receiving Social Security benefits. The plaintiff, however, believes that his benefit payment has been calculated incorrectly. During the course of the hearing, the undersigned reviewed various documents that the plaintiff brought with him.

The defendants named in the plaintiff's present Complaint are Carolyn Colvin, the Commissioner of Social Security, Eric Holder, the Attorney General of the United States, Bob Laski, an employee of Goodyear Tire and Rubber, where the plaintiff previously worked, Georgia Correctional (presumably the Georgia Department of Corrections, or Georgia Correctional Industries, which provides institutional job training to Georgia inmates), the West Virginia Department of Health and Human Resources, the Superior Court of Bartow County, Georgia, the Internal Revenue Service, Jane S. McElreath (also known as "Jane Stephens," who was the plaintiff's attorney during his Georgia Workers' Compensation proceedings), Bill Fulcher (apparently an employee of the Occupational Health and Safety Administration (OSHA)), and Paul Howard (a District Attorney in Fulton County, Georgia – improperly listed as "DEA").

---

[2] It is unclear whether the plaintiff was still under supervision for his other Georgia criminal conviction. The plaintiff has filed some documentation that would indicate that, in early 2013, he was still under supervision, which had been transferred to the State of West Virginia. (ECF No. 6 at 16). Beyond the plaintiff's request to this court to order the termination of his "probation," which this court lacks jurisdiction to do, this fact does not appear to be material to the instant proceeding.

The Complaint alleges claims of "conspiracy committing fraud" against each of the named defendants. The plaintiff's claims largely appear to arise out of his belief that he did not receive the proper amount of money owed to him in the course of his Georgia Workers' Compensation and other related legal proceedings. Specifically, the plaintiff's documentation asserts that his attorney, Jane S. McElreath forged the plaintiff's name on checks and retained the money that should have been paid to the plaintiff.

The plaintiff further alleges that certain defendants, including the Social Security Administration and the Internal Revenue Service, have tampered with or altered information in his records, including his name and Social Security number, which he believes may be affecting whether he is receiving appropriate benefit payments, and whether appropriate taxes have been paid. The plaintiff further alleges that false medical claims have been made using his identity in Georgia at times when he was in West Virginia.

Based upon a review of all of the documents that have been filed, as well as discussions with the plaintiff on the record, it is apparent that, to the extent that the plaintiff is seeking to challenge the calculation of his Social Security or other federal benefit payments, the plaintiff has not exhausted the Social Security Administration's administrative remedy process prior to filing the instant civil action. The undersigned explained to the plaintiff that, if he has a good faith belief that his Social Security benefits have been improperly computed, he must address his claim(s) to the Social Security Administration and complete each step of the administrative remedy process before filing a Complaint in federal court. The plaintiff was also instructed about this when his prior case was dismissed. (Case No. 2:10-cv-01190, ECF Nos. 10 and 13). A final

decision of the Commissioner of Social Security is a prerequisite of federal jurisdiction, and the defect cannot be cured by the subsequent exhaustion of administrative remedies after suit has been filed. *See Mathews v. Diaz*, 426 U.S. 67, 76 (1976); *McNeil v. United States*, 508 U.S. 105, 122 (1980).

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that this court lacks subject matter jurisdiction over the plaintiff's claims concerning the calculation of his Social Security benefits because he has failed to exhaust the available administrative remedies prior to filing this lawsuit.

During the status conference, the undersigned further explained to the plaintiff that this federal court does not have jurisdiction over any of the individuals or companies involved in his Workers' Compensation case and the related proceedings, which occurred in the State of Georgia almost 20 years ago. The plaintiff has not demonstrated any nexus or connection to the Southern District of West Virginia that would confer personal jurisdiction over the any of the defendants sufficient to warrant review of the plaintiff's claims by this court. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that this court lacks personal jurisdiction over the defendants and the plaintiff has failed to state any claim against the defendants which is cognizable in the Southern District of West Virginia.

Moreover, even if this court could exercise jurisdiction over any of the plaintiff's claims, his Complaint is insufficiently pled. In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true, and in the light most favorable to the plaintiff, the

complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* at 678.

Furthermore, to the extent that the plaintiff is asserting fraud claims against the defendants, Rule 9 of the Federal Rules of Civil Procedure requires that the circumstances constituting fraud be pled with particularity, which the plaintiff has not done. Fed. R. Civ. P. 9. In fact, all of the plaintiff's allegations of fraud are pled in a


very general and conclusory manner.

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint does not state any facially plausible claim, and that the Complaint must be dismissed for failure to state a claim upon which relief can be granted.

Accordingly, for the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's Complaint for failure to exhaust administrative remedies and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

The plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge

Johnston.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

    July 7, 2014

Dwane L. Tinsley
United States Magistrate Judge