IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WILLIAM BRUMFIELD,

        Plaintiff,

v.                                      CIVIL ACTION NO.   2:14-cv-11847

CAROLYN W. COLVIN,
Acting Commissioner of Social Security, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff William Brumfield's Letter-Form Complaint [ECF 1]. This action was initially assigned to the Honorable John T. Copenhaver, Jr., and was subsequently reassigned to this Court on May 27, 2014.  [ECF 7.]   By Standing Order entered May 7, 2014, and filed in this case on May 28, 2014, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R [ECF 15] on July 7, 2014, recommending that this Court dismiss Plaintiff's Complaint for failure to exhaust administrative remedies and for failure to state a claim upon which relief can be granted.

Pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure, the Court must determine de novo any part of a magistrate judge's disposition to which a proper objection has been made.   The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation

to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F .2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing Petitioner's objections, this Court will consider the fact that Plaintiff is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

Objections to the PF&R were due by July 24, 2014. Plaintiff filed a timely letter-form objection to the PF&R, which was dated July 18, 2014, and docketed on July 22, 2014. [ECF 16.] In that portion of Plaintiff's letter that directly addresses the PF&R, Plaintiff states that he is filing an "appeal" of the PF&R because he feels that the Magistrate Judge "[made] a bad decision."

The Court cannot meaningfully respond to such general and conclusory objections, nor is it required to do so. Magistrate Judge Tinsley's PF&R identifies multiple reasons why Plaintiff's claim should be dismissed, including for lack of subject matter jurisdiction due to Plaintiff's failure to exhaust available administrative remedies, lack of personal jurisdiction over the defendants, and failure to state a claim upon which relief can be granted. Even liberally construing Plaintiff's letter-form objection, the Court cannot identify which ground Plaintiff challenges or the basis for any such challenge.

To the extent that Plaintiff indicates that he files his objections under "Section 1860 D-14 of the Social Security Act, As Amended," such a reference to a large statutory provision does not help the Court determine what recommendation in the PF&R Plaintiff challenges or on what basis such a challenge is raised.

Additionally, to the extent that Plaintiff indicates that he also files his objections under "44 U.S.C. § 3507, as Amended by Section 2 of the P[a]perwork Reduction Act of 1995," that statute concerns the collection of information by administrative agencies and provides no discernible basis upon which Plaintiff could object to the PF&R.

Finally, Plaintiff also indicates in his letter-form objection that he is "[filing] a mandatory order ordering everyone to come to the United States District Court." Plaintiff, as a party to a civil action, does not have the authority to schedule Court hearings or to issue orders compelling other parties to appear. To the extent that this statement could be construed as a request for a hearing on his objections to the PF&R, such request is **DENIED** because the Court finds that such a hearing is unnecessary for the disposition of Plaintiff's objection. Additionally, to the extent that Plaintiff's statement could be construed as a request for the issuance of a summons on his Letter-Form Complaint, such request is **DENIED AS MOOT** in light of the disposition of that Complaint.

For the reasons set forth above, the Court **OVERRULES** Plaintiff's objections [ECF 16], **ADOPTS** the PF&R [ECF 15], **DISMISSES** Plaintiff's Letter-Form Complaint [ECF 1], and **DIRECTS** the Clerk to remove this case from the Court's Docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:        August 19, 2014

                _____
                THOMAS E. JOHNSTON
                UNITED STATES DISTRICT JUDGE